PER CURIAM.
This disciplinary proceeding was begun when The Florida Bar filed a notice of determination of guilt on felony charges with regard to attorney Howard L. Finkel-stein. Then the respondent filed a motion to modify the suspension provided for by *373 rule 3-7.2 of the Rules Regulating The Florida Bar. Instead of the rule 3-7.2 suspension, respondent asked that he be permitted to file a conditional guilty plea for consent judgment as authorized by rule 3-7.8. In response to the motion to modify, The Florida Bar informs the Court that it approves respondent’s proposed consent judgment and moves that the petition for modification be granted and the consent judgment imposed.
The respondent pled nolo contendere to felony charges of possession of illegal drugs and the misdemeanor of driving under the influence. Adjudication of guilt was withheld on the felony charges and respondent was placed on probation for five years. In the conditional guilty plea filed in the present disciplinary proceeding respondent acknowledges that by virtue of his criminal actions he is guilty of violating rules 3-4.3 and 3-4.4 of the Rules Regulating The Florida Bar. Rule 3-4.3 provides in part that “[t]he commission by a lawyer of any act which is unlawful or contrary to honesty and justice, whether the act is committed in the course of the attorney’s relations as an attorney or otherwise ... and whether or not the act is a felony or misdemeanor, may constitute a cause for discipline.” Rule 3-4.3 makes clear that a judgment or determination of guilt of a felony is a ground for the serious disciplinary sanction of suspension.
The consent judgment on discipline submitted by the respondent and approved by The Florida Bar in this case provides for a suspension from the practice of law for one year followed by probation for three years. We accept respondent’s conditional guilty plea and approve the consent judgment. Attorney Howard L. Finkelstein is hereby suspended from the practice of law in Florida for a period of one year from the date of this order and thereafter until reinstated in accordance with the provisions of rule 3-7.9. Upon reinstatement, respondent shall be on probation for three years. The conditions of probation, which are binding on respondent not only upon reinstatement but also during the term of the suspension, are as follows:
1. Respondent must comply with all the conditions of probation imposed upon him in the criminal case.
2. Respondent must comply with all recommendations made by Florida Lawyers’ Assistance, Inc., and continuously participate in the program prescribed by that organization for the control and correction of his substance abuse problem.
3. Respondent must abstain from the use of alcohol and illegal drugs. He may only take prescription drugs if prescribed by a physician and approved for his use by Florida Lawyers’ Assistance, Inc.
4. Respondent will be subject to random drug testing pursuant to a program thereof designed by Florida Lawyers’ Assistance, Inc.
5. Failure on the part of respondent to comply with any of the conditions of probation shall constitute grounds for termination of probation, for which respondent can be held in contempt or suspended pursuant to Rule of Discipline 3-5.1(c) of the Rules Regulating The Florida Bar.
6. Respondent shall be responsible for the costs of the program of evaluation, counseling, and testing arranged for and provided to him by Florida Lawyers’ Assistance, Inc.
As is provided by rule 3-5.1(h) of the Rules Regulating The Florida Bar, respondent must provide notice of this suspension to all clients with matters pending in his practice. The suspension ordered herein shall take effect thirty days from the date of this order so that respondent can take steps to safeguard the interests of his clients.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.